Leo Fox, Esq.
630 Third Avenue
18th Floor
New York, New York 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NE W YORK
-----------------------------------------------------------X
IN RE: Case No.: 14-46442 (CEC)
Chapter 7

MICHAEL MAVASHEV

Debtor.
-------------------------------------------------------------X

**NOTICE OF PRESENTMENT OF AN ORDER COMPELLING RULE 2004 EXAMINATION OF FOREVER DIAMONDS OF NY INC AKA DIAMONDS LINE AKA FOREVER DIAMONDS & CO. AKA FOREVER DIAMONDS INC**

**PLEASE TAKE NOTICE**, that on September 25, 2015, the undersigned shall present for signature and entry the within Order compelling a Rule 2004 Examination of Forever Diamonds of NY Inc (AKA Diamonds Line, AKA Forever Diamonds & Co., AKA Forever Diamonds Inc.) to the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, in her Chambers, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, NY 11201.

**PLEASE TAKE NOTICE**, that objections, if any, to the relief sought shall be in writing, served upon Leo Fox, Esq., 630 Third Avenue, 18th Floor, New York, NY, 10017, together with proof of service thereof, in accordance with the E.D.N.Y Local Rules and the Federal Rules of Bankruptcy Procedure, and prior to such date filed with the United States Bankruptcy Court electronically (with a hard copy delivered directly to Chambers).

**PLEASE TAKE FURTHER NOTICE**, that if objections are timely filed, the Court may schedule a hearing on the objections.

Dated: New York, New York
August 31, 2015

By: *s/ Leo Fox*___________________________
Leo Fox, Esq.
Attorney for Chapter 7 Trustee
630 Third Avenue, 18th Floor
New York, NY 10017

Leo Fox, Esq.
630 Third Avenue
18th Floor
New York, New York 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

MICHAEL MAVASHEV

Debtor.
-----------------------------------------------------------X

Case No.: 14-46442 (CEC)
Chapter 7

**APPLICATION IN SUPPORT OF ENTRY OF AN ORDER COMPELLING RULE 2004 EXAMINATION OF FOREVER DIAMONDS OF NY INC AKA DIAMONDS LINE AKA FOREVER DIAMONDS & CO. AKA FOREVER DIAMONDS INC**

TO: THE HONORABLE CARLA E. CRAIG
CHIEF UNITED STATES BANKRUPTCY JUDGE

The Application of the Matthew C. Harrison, Jr., Chapter 7 Trustee (the "Trustee") of the above captioned Debtor, by Leo Fox, his attorney, respectfully represents as follows:

1. A petition under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") was filed by the above-captioned Debtor on December 24, 2014. The U.S. Trustee moved to convert the case, and an Order was entered on February 27, 2015 converting the case to a Chapter 7 case.

2. The Trustee was elected on June 1, 2015, as evidenced by Notice dated June 17, 2015, and became duly qualified to serve as trustee on June 29, 2015.

3. At the Rule 2004 examination held on June 30, 2015, the Debtor testified that "Forever Diamonds" (a/k/a Forever Diamonds of NY Inc., a/k/a Diamonds Line a/k/a Forever

Diamonds & Co. a/k/a Forever Diamonds Inc.) ("Forever Diamonds")[1] is a company owned and operated by the Debtor's brother, Albert Mavashev. The Debtor testified that he worked for Forever Diamonds for approximately four years starting in 2006. The Debtor then testified that when he opened his own business, MMD Trade Corp. ("MMD"), the Debtor sold stones to Forever Diamonds but he "doesn't remember" the amount of sales.

4. The Debtor admitted to paying for stones, and then selling them below purchase price in order to pay bills. He testified to collecting funds in 2014 and paying several creditors he owed, but he didn't know how much he paid. When asked about the amounts of stones he purchased, purchase price, sale price, and even buyers who purchased the stones, the Debtor could not recall any of these pertinent details.

5. Because the Debtor admitted to doing business with his brother in the time preceding his bankruptcy filing, the Trustee wishes to examine the facts and circumstances surrounding the relationship between Forever Diamonds and the Debtor. The Trustee requests the following documents, whether in electronic or hard copy format, from 2006 to the present:

a. All records concerning all transactions, communications, related documents, notations, etc., between the Debtor, MMD, and Forever Diamonds, the principals of Forever Diamonds (equity holders, officers, directors, employees of Forever Diamonds) and the Debtor's family members (including, without limitation, the Debtor's father and brother) (together, the "Parties"), and all transactions, communications, related documents, notations, etc. between the Debtor and any entity or individual who was acting at the behest of or in concert with Forever Diamonds. Transactions shall include those conducted exclusively electronically, such as, but not limited to, all data transmissions regardless of nature or software utilized, and communications and the respective storage and related backup locations of such data and communications;

b. copies of all invoices, memos, documents, agreements, loans, and capital transfers between the Parties, including any and all documents related to transfers of money

1 To the extent any other trade names exist for the diamond brokerage/retail company owned and operated by Albert Mavashev, those names shall be included for all purposes herein.

or property;

c. all communications with other parties related to MMD and the Debtor, and related to any stones purchased or sold by MMD or the Debtor;

d. all records of merchandise disposition or monies delivered between the Debtor and MMD, his affiliates, his officers, directors, or employees, and Forever Diamonds.

6. The Trustee requests any other information that Forever Diamonds possesses regarding the Debtor or MMD.

7. Federal Rule of Bankruptcy Procedure 2004(a) ("Rule 2004") states that: "On motion of any party in interest the Court may order the examination of any person." Rule 2004(b) states that the scope of such an examination may relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter that may affect the administration of a debtor's estate…". Rule 2004(c) provides for the production of documents.

8. The documents requested relate to the petition and schedules filed by the Debtor and are therefore within the parameters of Rule 2004. *See In re Drexel Burnham Lambert Group, Inc.*, 112 B.R. 584 (Bankr. S.D.N.Y. 1191); *see also In the Matter of Isis Foods, Inc.*, 33 B.R. 45 (Bankr. W.D. Mo. 1983) (establishing that under the discovery powers provided to trustees in bankruptcy, the trustee is granted a virtually unfettered right to inquire into all transactions and occurrences which relate to the debtor). Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds. *In re Duratech Indus., Inc.*, 241 B.R. 283 (E.D.N.Y. 1999) (quotations omitted); *see also In re Bakalis*, 199 B.R. 443 (Bankr. E.D.N.Y. 1996) (the scope of an examination pursuant to Rule 2004 may be broad and unfettered).

9. The standard for determining the propriety of a discovery request under Rule 2004 is "good cause". *See, e.g., In re Grabill Corp.*, 109 B.R. 329, 334 (Bankr. N.D. Ill 1989). "Under that standard, the movant must show some reasonable basis to examine the material…[and] that

the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice". *Id.* at 334. The Trustee clearly has "good cause" for the requested Rule 2004 discovery.

10. The creditors' rights will be substantially prejudiced if the Trustee is not permitted to conduct an examination of Forever Diamonds. The Trustee believes it is necessary to obtain this information for the administration of the estate. The Trustee is entitled to examine the facts and circumstances of what appears to be an effort to leave the Debtor's creditors without any means of recourse to the Debtor's assets.

11. The information to be sought pursuant to subpoena is in the form attached hereto.

**WHEREFORE**, it is respectfully requested that the Court grant an Order under Rule 2004 compelling examination and production in the form annexed hereto and granting such other and further relief as is proper.

Dated: New York, New York
August 31, 2015

Respectfully submitted,

By: *s/ Leo Fox*________________________________

Leo Fox, Esq.
Attorney for Chapter 7 Trustee
630 Third Avenue, 18th Floor
New York, NY 10017
212-867-9595

Leo Fox, Esq.
630 Third Avenue
18th Floor
New York, New York 10017
(212) 867-9595

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE: Case No.: 14-46442 (CEC)
Chapter 7

MICHAEL MAVASHEV

Debtor.
-------------------------------------------------------------X

**ORDER COMPELLING RULE 2004 EXAMINATION OF FOREVER DIAMONDS OF NY INC AKA DIAMONDS LINE AKA FOREVER DIAMONDS & CO. AKA FOREVER DIAMONDS INC**

Upon the Application of Matthew C. Harrison, Jr., Chapter 7 Trustee (the "Trustee") of the above-captioned case, by Leo Fox, his attorney, seeking an examination of "Forever Diamonds" (a/k/a Forever Diamonds of NY Inc., a/k/a Diamonds Line a/k/a Forever Diamonds & Co. a/k/a Forever Diamonds Inc. and any other trade name for the diamond business owned and operated by Albert Mavashev) ("Forever Diamonds") under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), it is:

**ORDERED** that Albert Mavashev, owner of Forever Diamonds, be examined under Rule 2004, on a date no less than five (5) days after service of this Order and the annexed subpoena, on a business day selected by the undersigned, or as otherwise agreed, on 10:00 a.m. on that day, at the offices of the undersigned, 630 Third Avenue, 18th Floor, New York, NY, 10017, with respect to the conduct, acts, and property of the Debtor, as identified in the proposed subpoena annexed hereto, and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 2004, the Trustee is authorized to serve upon Forever Diamonds the document request contained in the annexed subpoena and Forever

Diamonds shall, within 14 days of service of said request, provide to Trustee's counsel: (i) a written response to the request; (ii) the documents requested therein that are in the custody, control, or possession of Forever Diamonds at the offices of Trustee's counsel, Leo Fox, Esq., 630 Third Avenue, 18th Floor, New York, NY, 10017; and the Trustee is hereby authorized to issue a subpoena or other process to compel the response of Forever Diamonds to the Trustee's written request and it is further

**ORDERED**, that the examinations shall continue until completed, and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Trustee to apply to the Court for further discovery of Forever Diamonds; and it is further

**ORDERED**, that this Court shall retain jurisdiction to resolve any issues with respect to this Order, the requested examinations, and the production of documents.

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

EASTERN District of NEW YORK

In re MICHAEL MAVASHEV
Debtor

Case No. 14-46442 (CEC)

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Albert Mavashev - Forever Diamonds Co. (a/k/a Forever Diamonds of NY Inc., a/k/a Dimonds Line, a/k/a Forever Diamonds & Co. a/k/a Forever Diamonds Inc.)
*(Name of person to whom the subpoena is directed)*
5508 Sunrise Highway, Massapequa, New York 11758

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 630 Third Avenue - 18th Floor<br>New York, New York 10017 | |

The examination will be recorded by this method: ______

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see attached.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______

CLERK OF COURT

OR

______ *Signature of Clerk or Deputy Clerk*

______ *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Matthew C. Harrison, Jr. , who issues or requests this subpoena, are:

Leo Fox, Esq., 630 Third Avenue, 18th Fl., New York, NY 10017 (212) 867-9595 leofox1947@aol.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________

________________________________________________________________

________________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because. ______________________________

________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________ .

My fees are $ ________ for travel and $________ for services, for a total of $________ .

I declare under penalty of perjury that this information is true and correct.

Date: ____________

________________________________
*Server's signature*

________________________________
*Printed name and title*

________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Production Request

1. All records concerning all transactions, communications, related documents, notations, etc., between the Debtor, MMD, and Forever Diamonds, the principals of Forever Diamonds (equity holders, officers, directors, employees of Forever Diamonds) and the Debtor's family members (including, without limitation, the Debtor's father and brother) (together, the "Parties"), and all transactions, communications, related documents, notations, etc. between the Debtor and any entity or individual who was acting at the behest of or in concert with Forever Diamonds. Transactions shall include those conducted exclusively electronically, such as, but not limited to, all data transmissions regardless of nature or software utilized, and communications and the respective storage and related backup locations of such data and communications;
2. copies of all invoices, memos, documents, agreements, loans, and capital transfers between the Parties, including any and all documents related to transfers of money or property;
3. all communications with other parties related to MMD and the Debtor, and related to any stones purchased or sold by MMD or the Debtor;
4. all records of merchandise disposition or monies delivered between the Debtor and MMD, his affiliates, his officers, directors, or employees, and Forever Diamonds.